THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RUDOLPH PRISCO, Appellant.

First Department, November 16, 1971.

*Irving Anolik* for appellant.

*Eliot L. Kaplan* of counsel (*Burton B. Roberts, District Attorney*), for respondent.

McNALLY, J. The defendant appeals from a judgment of the Supreme Court, Bronx County, rendered December 17, 1970, convicting him, after trial to a jury, of the crimes of promoting gambling in the first degree and possession of gambling records in the first degree and sentencing him to a term of one year.

On this appeal, the defendant claims that (1) his motion to controvert the search warrant and suppress the evidence was improperly denied; (2) the District Attorney improperly referred during the trial to a pretrial suppression hearing; and

(3) the court erroneously permitted a doctor to administer medical treatment to an ill juror after the jury had commenced deliberation without notification to defense counsel.

We have examined these assignments of error and find them to be without merit, and consequently we affirm.

However, there is an important question posed by this appeal, apparently one of first impression in this State, concerning the right of the Trial Judge to summon medical aid for a juror while the jury is deliberating without notifying counsel.

No New York statute or case law appears to have considered the precise question as to whether or not a defendant is prejudiced by the failure to notify his counsel after the jury commences deliberations that an ill juror had received medical attention from his own doctor under the direction of the trial court.

This case was tried in December, 1970. Consequently section 421 of the Code of Criminal Procedure applies. It provides: "After hearing the charge, the jury may either decide in court, or may retire for deliberation. If they do not agree without retiring, one or more officers must be sworn, to keep them together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor do so themselves, unless it be by order of the court, or to ask them whether they have agreed upon a verdict, and to return them into court when they have so agreed, or when ordered by the court."

Section 310.10 of the Criminal Procedure Law, effective September 1, 1971, provides: "Following the court's charge, the jury must retire to deliberate upon its verdict in a place outside the courtroom. It must be provided with suitable accommodations therefor and must be continuously kept together under the supervision of an appropriate public servant or servants. Except when so authorized by the court or when performing administerial duties with respect to the jurors, such public servant or servants may not speak to or communicate with them or permit any other person to do so."

It appears upon the discontinuance of the jury's deliberations due to the illness of one of the jurors, the court ascertained the identity of the juror's doctor and, without notifying defense counsel, summoned the doctor to the courthouse where the juror was administered a drug, rested a few moments and then rejoined the other jurors, whereupon deliberations continued. The only communication with the juror related to his physical condition. The physician had indicated that the juror was fully capable of participating in the jury deliberations.

Several cases not necessarily controlling point the way to our decision and appear to us to express an enlightened view.

*Takarske* v. *State* (81 Okla. Cr. 189, 195) holds: "We do not think the taking of the juror to the drugstore for medicine to relieve his ailment by the bailiff who did not allow him to converse with any one, while leaving the remaining jurors with the other bailiff was a violation of the terms of the statute, which provides that the jury must be kept together and not permitted to communicate with any other person."

*Williams* v. *State* (27 Ala. App. 293, 296) held as follows: "During the deliberation of the jury, one of the jurymen became ill and was allowed to leave the jury room and spend a short time with his son, a physician, in the private room of the presiding judge, and then allowed to resume deliberation with the remaining jurors when he got better. There is nothing to the prejudice of this defendant in the action of the court in permitting this juror, who was ill, to be attended by his physician, under the supervision of the court, and without any pretext that the act in any way controlled the judgment of the juror in making up his verdict." (See, also, *La Guardia* v. *State*, 190 Md. 450; *Gray* v. *State*, 143 Fla. 588; *Haley* v. *State*, 123 Miss. 87; 23A C. J. S., Criminal Law, § 1356, p. 955, n. 58.)

A reasonable rule to follow under such circumstances would be to allow the court to determine in its discretion what course of action to follow when a juror becomes ill after deliberations commence. It would appear that it is the court's first duty to summon medical assistance. Defense counsel, defendant and the public prosecutor should be informed as promptly as feasible as to what has taken place. Treatment of an ill juror should not be required to await such notification. Nor should the failure to notify counsel of such fact, mandate reversal of the judgment, absent prejudice to the defendant.

In this case, the trial court represented to counsel that no discussion had occurred other than that relating to the juror's illness; that morphine was not administered and that the doctor had indicated that the juror was fully able to participate in deliberations. In our opinion, the record establishes the fact that the defendant suffered no prejudice by reason of the illness or the medical aid. Here there was no separation from the panel as contemplated by the statute and consequently no violation of the statutory mandate. The circumstances are not substantially different than the need of a juror to respond to a call of personal necessity or the separation of jurors in different sleeping rooms when resting for the night.

In future cases it would be good practice to detain the doctor in court if possible, and, if not possible, to make suitable arrangements for the doctor to attend at a later date in the event counsel wishes to examine the doctor concerning the matter. Deliberations of the jury should go forward in any event.

Under the circumstances of this case we find no statutory violation or prejudice, and consequently we affirm.

STEVENS, P. J., CAPOZZOLI, NUNEZ and KUPFERMAN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on December 17, 1970, unanimously affirmed.