■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CLAYBORN, Appellant.—Appeal from a judgment of the County Court, Chemung County, rendered June 21, 1974, upon a verdict convicting defendant of the crimes of robbery in the third degree and petit larceny. On the appeal defendant contends (1) that the identification evidence was insufficient to support the jury's verdict of conviction; (2) that it was improper for the trial court to permit the jury to separate and go home overnight during deliberation; (3) that the witness Harold Casteline was improperly permitted over objection to testify on redirect examination that the defendant fitted the description that was given him by Joan Heist; (4) that the witness Joan Heist was improperly permitted to testify on direct examination to a tainted in-court identification and to a pretrial identification without giving to defendant the notice required by CPL 710.30; (5) that the charge of the trial court was inadequate, and that the sentence was harsh and excessive. A review of the entire record reveals sufficient evidence, if believed by the jury, to warrant a verdict of guilty. Although there are some inconsistencies and conflict in the identification testimony, there appears sufficient evidence which warranted the jury in finding that the defendant was the perpetrator of the crime. It is the province of the jury and not the court to determine the truth from conflicting testimony *(People v Seidenshner,* 210 NY 341). The trial was held in the Federal courtroom in the post-office building in Elmira, New York. Because the Trial Judge did not wish to take the responsibility for the building after the usual closing hours and because it appeared impossible to provide dinner for the jury, the court, after the jury had been charged at about 6:00 P.M., recessed the trial and sent the jurors home without supervision, with instruction to return at 9:00 A.M. the following day. This action by the trial court was in direct violation of CPL 310.10 which provides that following the court's charge the jury "must be continuously kept together under the supervision of an appropriate public servant or servants." *(People v Prisco,* 37 AD2d 369, affd 30 NY2d 808, cert den 409 US 1039.) The prosecution takes the position that defendant's counsel waived the defendant's rights secured by CPL 310.10 by insisting that he had to be at a Supreme Court calendar call the next morning and that he wished the case submitted to the jury. Later, defense counsel was asked by the court if he wanted the court to charge the jury with the understanding that if the jury had not reached a verdict by 5:30 P.M., he would let the jury go home for the night; again defense counsel asked the Judge to proceed with the case and charge the jury. On two separate occasions counsel requested that the Judge continue with the case hoping that it might finish before 5:30 P.M. so that he could make the Supreme Court calendar call. When the jury at approximately 6:00 P.M. were unable to agree, the court allowed them to go home. At this time defendant's counsel entered a general objection. While we do not approve of the conduct of defendant's counsel under all the circumstances, we cannot say that his actions constituted a waiver of the defendant's rights secured by CPL 310.10. Despite the conduct of defense counsel, the court should not have allowed the jury to separate without any supervision by an appropriate public servant, and this constitutes reversible error. It was also error to permit the witness Harold Casteline to testify that the description given by

Joan Heist to the police fitted the defendant. This is objectionable as so-called third-party bolstering (see *People v Morales,* 37 NY2d 262). Although the District Attorney should have served upon defendant a notice of intention to offer at the trial testimony of prior identification of the defendant as required by CPL 710.30, the defendant waived the objection by failing to properly object on the trial. Inasmuch as the defendant's conviction must be reversed and the matter remitted for a new trial, we need not consider defendant's contentions concerning the charge to the jury and the excessiveness of his sentence. We would note, however, that the amendments to CPL 300.10 have not entirely eliminated the requirement that the court marshal the evidence. The court must still marshal the evidence to the extent necessary to "explain the application of the law to the facts" (CPL 300.10, subd 2). Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.