THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD S. SILVERNAIL, Appellant.

Third Department, December 20, 1976

*Paul R. Shanahan* for appellant.

*D. Bruce Crew, III, District Attorney (Ransom P. Reynolds, Jr.,* of counsel), for respondent.

KOREMAN, P. J. The defendant was indicted on September 25, 1974 and charged with the theft of $49,600 from the City of Elmira between the dates of July 13, 1972 and November 21, 1972 by wrongfully and fraudulently submitting inflated billings and invoices to the city for demolition of flood damaged property, with knowledge that such billings and invoices were inflated, causing the city to overpay defendant in the above amount. The defendant's company (owned by defendant and his wife) entered into a contract with the city to do both clean up and demolition work. The contract was in standard form used previously by the city, and provided for individual hourly prices or rates for various types of equipment, and the bid price included the services of an experienced driver.

The invoices for the amounts to be paid to the defendant were drawn up by defendant's wife and submitted by the defendant. There is testimony to the effect that the billings for debris work were accurate, that the city kept track of the debris work, and that defendant's records of such work were checked by the city before invoices were made out. However, the city's manpower was insufficient and inadequate to properly supervise the demolition work, and the city was only able to determine what buildings were demolished, but not what machines, equipment or men were used to demolish them.

The prosecution's case rests on the discrepancy between the hours defendant billed the city reflecting use of machinery,

and the number of hours worked by defendant's employees as determined from defendant's payroll ledger and time book. Evidence introduced by the prosecution shows that defendant billed the city for 18,553 machine hours from July 25 to November 21, 1972, while defendant's daily time books revealed total employee hours of 12,347 for the same period. Since it would appear that the machines could not be used or operated without an employee to man them, it was established that the defendant overbilled the city for 6,205 machine hours. Although the city did pay an hourly rate up to $35 on some machines, based on the lowest rate it paid of $9, defendant was charged with the theft of $49,600.

The main thrust of defendant's contentions on this appeal is that he was improperly convicted of the crime of grand larceny upon a theory which is in substantial variance with the charge set forth in the indictment, and that his conviction resulted from acts alleged to have been committed by him, which were not charged against him. We do not find this argument persuasive.

Proof was submitted by the defendant for the purpose of explaining away the discrepancy which formed the basis for the charge of grand larceny. In addition to his attempt to show that he paid for man hours that were not included in the prosecution's calculations, he also produced as a witness Clarence Fleming, Assistant Director of the Department of Public Works for the City of Elmira. This witness testified that he agreed to pay defendant 10% more than he was entitled to under his contract with the city by adding 10% to defendant's total machine hours to cover the cost of demolition insurance required of the defendant. Fleming also testified that the cost to the defendant for demolition insurance would be approximately $20,000 to $25,000, and that he added this amount to the billings submitted by defendant. In rebuttal the prosecution produced evidence that the defendant had expended only $2,300 of the amount paid him by the city to cover the cost of this insurance. The prosecutor then stated in summation that, even conceding that the witness Fleming made the 10% adjustment, the defendant was required to buy demolition insurance with the additional or extra payments, which he did not use for that purpose, and which is further proof of defendant's guilt under the indictment. It is clear, therefore, that the prosecution did not change its theory of the case, nor is the proof at variance with the acts charged in the

indictment. The indictment simply alleges that the defendant "stole from the City of Elmira monies in excess of One Thousand Five Hundred Dollars ($1,500.00), to wit, Forty-nine Thousand Six Hundred Dollars ($49,600.00) by wrongfully and fraudulently submitting * * * inflated billings and invoices to said City for demolition of flood damaged homes * * * so to have been overpaid in the sum aforesaid." In any event, the failure of the defendant to purchase the insurance goes directly to the issue of credibility of the witness Fleming and to whether or not any such agreement to cover the cost of insurance was ever made by the city. The cases relied on by the defendant on this issue involve a complete departure from the indictment wherein the prosecution rested its case on facts not alleged in the indictment. Such is not the case here. Under the facts of the present case, there can be no question that the proof adduced at the trial is wholly consistent with the charge of stealing money from the City of Elmira by false pretenses. Moreover, as disclosed by the record, the proof of defendant's guilt of that charge is overwhelming.

We have examined defendant's contentions concerning the charge to the jury and find the court's charge adequate and in conformity with CPL 300.10 (subd 2). Furthermore, under the circumstances here, the trial court properly refused defendant's request for a supplemental charge made during the jury's deliberations. Nor do we agree with defendant's additional argument that the failure of the trial court to sequester the jury after commencing deliberations constitutes reversible error. While there is no question that CPL 310.10 was violated, this court has strongly implied that a defendant's rights under that statute may be waived (*People v Clayborn,* 50 AD2d 952). The record reveals that the defendant and his counsel approved of the jurors being permitted to separate and return to their homes overnight, and that the defendant was not prejudiced in any way by the failure to sequester. Thus, in our view, defendant's actions constituted a waiver of his rights secured by CPL 310.10 (cf. *People v Clayborn, supra).*

The final issue of excessiveness of the sentence is also without merit. The crime for which the defendant was convicted did not involve merely an isolated act but was a continuous larcenous scheme extending over a period of time, as the City of Elmira was attempting to rescue its inhabitants from the effects of an unprecedented disaster. A sentence of

less than the maximum term was not an abuse of discretion on the part of the Trial Judge.

The judgment should be affirmed.

GREENBLOTT, KANE, LARKIN and HERLIHY, JJ., concur.

Judgment affirmed.