THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM JONES, Appellant.

First Department, May 16, 1978

### APPEARANCES OF COUNSEL

*Howard N. Spiegler* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Norman A. Bloch* of counsel *(Jerrold L. Neugarten* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

### OPINION OF THE COURT

FEIN, J.

Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree. The central issue on this appeal concerns the admissibility of

police testimony that $831 cash had been found on defendant's person following a search conducted at the police precinct after defendant's arrest. No part of the $55 in recorded "buy money" used by the undercover officers in connection with the purchase of the drug was included in the cash found on defendant's person. Nor did the search reveal any drugs on defendant's person. The undercover officers testified that at the time of the purchase defendant was observed standing in a crowd of from 10 to 15 people, 2 or 3 of whom were handing him money in return for glassine envelopes. The arrest was made in the same area about one hour later.

The Trial Justice, with some reservation, denied defendant's motion to suppress and ruled admissible proof that defendant had been found to have in his possession $831, reasoning that the possession of a large sum of money in cash approximately one hour after the sale confirmed to some extent the identification of defendant. The Justice took into consideration the nature of the crime as akin to a business. He found the proof to be of sufficient probative force to outweigh any prejudice to defendant, which the Justice believed would not be substantial. The court further found that proof with respect to defendant's possession of the money would offer some aid in explaining why defendant did not have any of the serialized money on his person so soon after the alleged transaction.

■ We do not agree. Although, as noted by the Trial Justice, no direct authorities have been cited or found, we have concluded that the testimony was inadmissible. The question is one of relevance. "Evidence is relevant if it is legally probative of some matter to be proved" (People v Galletti, 55 AD2d 154, 156). The testimony that defendant was found to have in his possession some $831 in cash, none of which was "buy money" used by the undercover officers, was irrelevant to any issue in the case. Possession of the money neither confirmed nor aided in the identification of defendant. Moreover, even relevant evidence may be excluded when its prejudicial effect will outweigh its probative value. Admission of this testimony placed before the jury proof of possible other crimes, having no apparent relationship to the crime charged, a single sale.

■ Precisely because the crime charged was a single sale admissibility cannot be justified by analogizing the crime charged here with the illicit sale of drugs as a business. Proof of the possession of so large a sum of money may very well

have been probative of the illicit sale of drugs as a business. The prejudice is manifest, since defendant was not charged with conducting a narcotics business. He was charged with a single sale of narcotics. Evidence of uncharged crimes solely for the purpose of establishing criminal propensity is legally irrelevant and inadmissible (People v Fiore, 34 NY2d 81, 84), although it may be received if it tends to establish the identity of the defendant (People v Molineux, 168 NY 264, 293) or where it is "inextricably interwoven with the crime charged" (People v Vails, 43 NY2d 364, 368). On this basis it was proper to permit the police to testify that at the time of the sale charged in the indictment defendant was observed exchanging glassine envelopes for cash. This tended to establish identity and described an ongoing transaction.

■ It was quite another matter, and highly prejudicial, to receive in evidence the fact that when defendant was arrested one hour later he was found to have $831 in cash on his person, albeit no part of the "buy money" was included in the cash found. Defendant may have had the money at the time of the sale, or, in the intervening hour between the sale and the arrest he could have acquired the money in a variety of ways, legal or illegal, none of which was legally probative of the issue before the jury. His possession of this large sum of cash clearly could in no way explain the unavailability of the "buy money." The evidence was inadmissible for the very reason that it tended to show defendant was engaged in the continuous business of selling narcotics, one or more uncharged crimes.

The prejudicial effect of the testimony plainly outweighed its probative value. It is of no significance that after its reception defense counsel unsuccessfully argued to the jury that the absence from the seized cash of the previously recorded "buy money" helped establish defendant's innocence.

The evidence as to defendant's possession of $831 in cash at the time of his arrest should have been excluded.

Accordingly, the judgment, Supreme Court, New York County (SANDLER, J.), rendered April 28, 1975, convicting defendant of criminal sale of a controlled substance in the third degree, should be reversed, on the law, and the matter remanded for a new trial.

LUPIANO, J. P., MARKEWICH and SULLIVAN, JJ., concur.

Judgment, Supreme Court, New York County, rendered on

April 28, 1975, unanimously reversed, on the law, and the matter remanded for a new trial.