THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS PIPPIN, Appellant.

First Department, April 19, 1979

414

## APPEARANCES OF COUNSEL

*Norman A. Olch* for appellant.

*Randall H. Jensen* of counsel *(Donna Krone* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

FEIN, J.

Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the second degree and criminal possession of a hypodermic instrument, and sentencing him to indeterminate terms of imprisonment of six years to life on the controlled substance count and one year on the hypodermic instrument count.

Although we are not all agreed that any one of the errors assigned on appeal constitutes reversible error, we have concluded that the totality is sufficient to require reversal and remand for a new trial. We are in agreement that defendant's initial requests to be relieved of counsel and to proceed *pro se* were somewhat equivocal. The requests appear to have been joined with applications for other counsel to be appointed. Similar requests appear to have been made to at least two other Justices in the calendar part. However, it is undisputed that the Trial Justice granted defendant's request to represent himself after the jury had been impaneled and after the prosecutor's opening statement, but before any witness had been called. The court directed defense counsel to remain as

an advisor, despite defendant's request for a different representative to serve in that capacity.

Although respondent asserts that defendant's request was designed to delay the trial and was not made in good faith, the Trial Justice apparently concluded otherwise when he granted defendant's request to proceed *pro se.* Defendant thereupon sought an adjournment to the following morning to permit him a sufficient opportunity to review the Grand Jury minutes, the criminal court preliminary hearing minutes, the suppression hearing minutes and the police reports, which were then made available to him for the first time. The Trial Justice denied the application and directed the defendant to read the material then and there, thus affording defendant a limited time to review the record before proceeding, after inquiring as to whether defendant could read. Overlooked by the court was the fact that this was defendant's first request for an adjournment. In addition, the previous day, the court had adjourned commencement of the trial to permit the prosecutor to attend to a pressing personal need. There had also been prosecutorial delay to produce certain police records. Under the circumstances, defendant's request should have been granted. (See *People v Foy,* 32 NY2d 473, 476.)

Although, in support of the assertion that the requested adjournment was made in bad faith, respondent points to the fact that defendant could not read, we take note that defendant's inability to read was not ascertained until the time of sentencing. When defendant continued to insist upon a recess in order to prepare himself, the court reversed its prior determination; denied defendant's application to represent himself, finding that the application was made for purposes of delay; and reinstated defense counsel to represent defendant.

The court stated:

"Your application for a recess is denied. We are going to continue with the trial.

"All right, sit down.

"In view of the statement made by the defendant in order to represent himself he must have a recess. I am denying his application and I am reinstating Mr. O'Brien and I am directing him to represent the defendant.

"Let's continue."

A defendant has a constitutional right to proceed *pro se,* however unwise the exercise of such right may appear to be

(*Faretta v California,* 422 US 806), subject to the restrictions set forth in *People v McIntyre* (36 NY2d 10, 17): "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues."

■ Tested by these standards defendant had a right to proceed *pro se,* as the Trial Justice originally ruled. (See *People v Medina,* 44 NY2d 199; *People v Kelly,* 60 AD2d 220, affd 44 NY2d 725.) As those cases hold a defendant should not be permitted to use this right to obstruct the orderly process of the court or merely for the purpose of delay. However, here, no significant delay was sought and there was no evidence of any effort to interfere with the fair and orderly conduct of the trial.

■ We also find improper the extensive cross-examination of defendant designed to convey to the jury that Pippin had sold drugs to support his habit. Defendant testified to having a heroin habit of about $100 to $125 per day, far in excess of his weekly earnings as a bootblack. However, we do not find the testimony on direct sufficient to have "opened the door" as to permit the prosecutor to establish before the jury that defendant was a regular dealer in drugs. Defendant was charged only with criminal possession of a controlled substance. He was not charged with having effected any illicit sale of drugs. The resulting prejudice is manifest. Evidence of uncharged crimes solely to establish criminal propensity is legally irrelevant and inadmissible (*People v Fiore,* 34 NY2d 81, 84; see, also, *People v Jones,* 62 AD2d 356, 358). The cross-examination improperly suggested to the jury the commission of crimes not charged in the indictment (*People v Alamo,* 63 AD2d 6; *People v Jones, supra; People v La Fontaine,* 39 AD2d 734). Nor was the proof here "inextricably interwoven with the crime charged" (*People v Vails,* 43 NY2d 364, 368).

We find that the cross-examination as to defendant's involvement in the sale of illicit drugs and the implication that he had sold drugs to support his habit unnecessarily impinged upon his right to a fair trial. The error was compounded when the prosecutor commented on the subject in summation, comparing defendant's alleged $25,000 per year drug habit with his meagre earnings as a bootblack. The prosecutor's summa-

tion plainly suggested that defendant was a drug seller and that he had been arrested for sale, although the indictment was only for possession. Under the circumstances, we find the prejudicial effect of the testimony and summation so significant as to require remand for a new trial, even in the absence of objection by defendant.

■ Nor do we agree with so much of the trial court's ruling on defendant's *Sandoval* motion as permitted cross-examination as to a 12-year-old 1964 conviction, when he was 18, in Atlanta, Georgia, for forgery, for which he was incarcerated for one year. That conviction was sufficiently remote in time as to have no substantive effect upon defendant's credibility. "Lapse of time, however, will affect the materiality if not the relevance of previous conduct." *(People v Sandoval,* 34 NY2d 371, 376.) The fact that there were subsequent convictions which could properly be used to impeach defendant's credibility does not revive a stale criminal conviction. Nor does it permit the prosecutor to impeach defendant's credibility by reference to convictions which are so distant in time.

The plain consequence of the inquiry and summation suggesting defendant was a drug seller and the *Sandoval* ruling permitting inquiry into the 12-year-old forgery conviction was to shatter defendant's credibility in a case in which the sole witnesses were the arresting officer and the defendant. (See *People v Mayrant,* 43 NY2d 236.) The prejudicial effect was highlighted by the court's charge:

"You must determine which one of the two witnesses, Police Officer Amira or the defendant is telling the truth.

"As to the possession of the glassine envelopes containing heroin, if you should choose to believe the defendant, Pippin, then Police Officer Amira is lying. And, if you would choose to believe the Police Officer, Police Officer Amira, then the defendant is lying. * * *

"Who tells the truth? Police Officer Amira or the defendant? That is the question for you to determine."

Although the charge was otherwise unexceptionable as to presumption of innocence, burden of proof and reasonable doubt, the above-quoted language tended to shift the burden of proof to defendant whose credibility had been undermined as a consequence of the erroneous *Sandoval* ruling and the improper attempt to portray defendant as a drug seller, although not so charged. Shorn of credibility defendant's

testimony was directed to be balanced against that of the police officer.

Under the circumstances of this case, the combination of errors and resultant prejudice requires remand for a new trial. We have examined the other points raised by appellant and find them to be lacking in merit.

Accordingly, the judgment, Supreme Court, New York County (MYERS, J., at trial and sentence; AARONS, J., on the suppression motion), rendered March 30, 1976, convicting defendant following a jury trial of criminal possession of a controlled substance in the second degree and criminal possession of a hypodermic instrument, should be reversed, on the law, and the matter remanded for a new trial.

BIRNS, J. P., SANDLER, BLOOM and LANE, JJ., concur.

Judgment, Supreme Court, New York County, rendered on March 30, 1976, reversed, on the law, and the matter remanded for a new trial.