The PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LIZZARRA, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 6, 1977, convicting defendant following a jury trial of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent terms, respectively, of five years to life and 5 years to 10 years, modified, on the law, to reverse conviction for possession of a controlled substance in the third degree, case remanded for a new trial on that count, and otherwise affirmed. On March 24, 1976, Police Officer Keane, on a rooftop and equipped with high-powered binoculars, observed the defendant near the intersection of Prospect Avenue and 162nd Street. The officer, who knew the defendant from a prior incident, saw him talk to another person, walk to a garbage barrel, put his hand between two cardboard boxes on top of the barrel and remove a paper bag from which he took a stack of glassine envelopes, giving one to the other person in exchange for money. The defendant then placed the envelopes in the paper bag and returned the bag to its original location. The officer instructed his back-up team to arrest the defendant. A few moments later, when Officer Keane descended to the street, he observed the defendant standing in approximately the same position. The officer went to the garbage barrel and removed the paper bag, opened it and found within it five glassine envelopes containing a beige powder, subsequently determined to be heroin. The defendant was searched and there was removed from his jacket $692, consisting of bills in varied denominations. We think it was error to admit into evidence the money found upon the defendant's person for reasons similar to those previously

developed in *People v Jones* (62 AD2d 356). It is doubtful that the introduction into evidence of this quantity of money had any appropriate relevance to establishing the defendant's intent to sell heroin, which was the ostensible purpose for its admission. In any event, whatever probative value the money might have had in this limited respect was clearly outweighed by the prejudicial effect of admitting evidence which clearly implied the defendant's commission of other uncharged crimes. (See *People v Jones, supra*, p 357.) Accordingly, the defendant's conviction of criminal possession of a controlled substance in the third degree must be reversed. However, as to the defendant's conviction of criminal possession of a controlled substance in the fifth degree, we are of the view that the evidence was overwhelming and the error not likely to have affected the verdict. (See *People v Crimmins,* 36 NY2d 230, 242.) Accordingly, his conviction with respect to that count is affirmed. Concur—Sandler, J. P., Lane, Markewich and Ross, JJ.