■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO SOSSA, Appellant.—Judgment, Supreme Court, New York County, rendered July 19, 1976, convicting defendant of criminal sale of a controlled substance in the first degree and sentencing him to an indeterminate term of from 15 years to life, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. There was a hiatus of over one year between the date of the sale and defendant's arrest. The only conspiracy count had been severed before trial. For purposes of explaining the undercover officer's role to the jury and how he came to buy drugs from defendant, it was, arguably, necessary to refer to an investigation of the importation and distribution of cocaine in New York in which the undercover and his team were involved. But it was error to permit a backup officer to testify that he had seen defendant 25 to 50 times after the date of the sale, and also error to permit the undercover officer to testify that he met defendant 28 to 30 times through the course of the investigation, when it had been brought out that eight of the meetings occurred prior to the sale. Identity was never an issue. Such testimony only served to implicate defendant in the conspiracy, although he was being charged with a sale on a one-time basis. (People v Alamo, 63 AD2d 6.) Moreover, the People should not have been permitted to show that the police recovered $750 from defendant when they arrested him a year after the sale. This evidence had no probative value. The prejudicial effect of such testimony, highlighted by the prosecutor's references during defendant's cross-examination and in summation to the money and the fact defendant was unemployed at the time, is obvious, since it tended to show that defendant was engaged in the business of selling narcotics. (People v Lizzarra, 70 AD2d 572; (People v Jones, 62 AD2d 356, 358.) Although no objection was taken and the evidence of guilt was strong, we are unpersuaded that the jury, in convicting, was not swayed by these impermissible references. Concur—Fein, J. P., Sullivan, Bloom, Markewich and Ross, JJ.