THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MOVEN, Appellant.—Judgment, Supreme Court, New York County, rendered January 8, 1978, convicting defendant after a jury trial of two counts of criminal sale of a controlled substance in the second degree and sentencing him to two concurrent indeterminate terms of from six years to life, reversed, on the law, and remanded for a new trial. Defendant appeals from his conviction of criminal sale of a controlled substance in the second degree (two counts). The evidence introduced on behalf of the People followed a familiar pattern. An undercover officer identified defendant as the individual who sold narcotic drugs to him on two occasions, May 19, and June 24, 1976. The defendant was arrested on August 23, 1976. It was error to introduce into evidence, over objection, defendant's possession of $382 on the date of his arrest. Clearly that money had no conceivable relevance to the two sales for which the defendant was charged and convicted. Its apparent purpose, a wholly impermissible one, was to persuade the jury that the defendant was engaged on an on-going basis in the sale of narcotic drugs. (See *People v Jones*, 62 AD2d 356; *People v Lizzarra*, 70 AD2d 572.) We find wholly unpersuasive the District Attorney's argument that the money was properly introduced to anticipate a possible defense argument that the absence of any proof of possession of money by the defendant on the date of his arrest made it unlikely that defendant had made the narcotic sales in issue. Clearly the absence of any evidence with regard to the defendant's possession of money on the date of the arrest would not have permitted defense counsel to argue that he had no money and then to argue that this fact in some way contradicted the charges. It was also error for the District Attorney, when questioning the defendant with regard to a previous robbery conviction, to elicit that the victim had been stabbed in the back. Counsel had entered into a *Sandoval* stipulation to the effect that the defendant might appropriately be questioned about the prior robbery conviction but was not to be questioned with regard to an accompanying homicide for which the defendant was not convicted. The question violated the spirit of the agreement. The District Attorney should have made clear to defense counsel his intentions at the time of the agreement, particularly since the question seems clearly to have been more calculated to inflame the jury against the defendant than to elicit information relevant to his credibility.

Although the evidence of defendant's guilt was substantial, it was not overwhelming (see *People v Crimmins*, 36 NY2d 230, 242), resting as it did essentially upon an identification by a police officer who had not seen the defendant for some two months prior to the arrest and who had been actively engaged in numerous drug purchases during the intervening period. The errors, accordingly, were prejudicial, and a new trial is required. Concur—Fein, J. P., Sandler, Bloom, Lane and Silverman, JJ.