■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELICA REYES, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 10, 1976, reversed, on the law, and the case remanded for trial anew. The evidence on this trial was not precisely overwhelming, though it is beyond argument that, adduced at a trial free from error, it would have been sufficient, if accepted by the jury, to sustain conviction. For instance, though explainable, the undercover officer's description of the person with whom he had dealt did not exactly match that of defendant. The chief witness for the People had been convicted of narcotics infractions and, at the time, was burdened by an indictment, and did remark that anyone would lie to escape confinement for life. Against this background, the trial errors committed loom large as prejudicial. The trial court permitted evidence that defendant had a large sum of money on her person when arrested; this was completely irrelevant: the money could not have been, even arguably, "buy money," the alleged transaction having occurred some time before. This was prejudicial. (See People v Jones, 62 AD2d 356, 357-358; People v Galetti, 55 AD2d 154, 156-157.) Further, this error was compounded by reference to the money by the prosecutor in summing up. The prosecutor also elicited evidence that defendant had fled to Puerto Rico. Though the trial was conducted in absentia—properly so, we must say in passing—this item of information should not have been imparted to the jury, and no curative instruction was given by the court. In a case wherein the factors discussed at the outset made identification a close issue, it cannot be said with any degree of certainty that the jury's judgment was not affected by these errors. A new trial is required. Concur—Kupferman, J. P., Birns, Markewich, Ross and Lynch, JJ.

■ In the Matter of RICHARD BANKS, Petitioner, v ARTHUR E. BLYN, as a Justice of the Supreme Court of the State of New York, County of New York, Respondent.—Motion for an order, variously of mandamus and prohibition, against a Supreme Court Justice at Special Term, denied, as is the separate motion for a stay and for consolidation with the pending appeal, and the cross motion to dismiss granted, without costs. The apparent reason that CPLR article 78 is sought to be availed of rather than appellate review is that expedition is desired to prevent dire consequences to petitioner by way of arrest. We find no reason to apprehend that danger and, in any event, the provisions of CPLR 5519 would be available in the appellate process. The extraordinary remedies provided by CPLR article 78 are not to be used as substitutes for appellate review when, as here, the latter would be available and adequate. (See Matter of Russell v Murray, 49 AD2d 772; Siegel, New York Practice, § 558; CPLR 7801, subd 1; 5521; Weinstein-Korn-Miller, NY Civ Prac, vol 8, par 7801.06; vol 7, par 5704.04.) Concur—Kupferman, J. P., Birns, Markewich, Ross and Lynch, JJ.