OPINION OF THE COURT
Benjamin Altman, J.
Is oncoming Thanksgiving Day a special exception that could temporarily exclude or excuse the mandatory requirement of CPL 310.10? CPL 310.10 states that “[following the court’s charge, the jury must retire to deliberate upon its verdict in a place outside the courtroom. It must be provided with suitable accommodations therefor and must be continuously kept together under the supervision of a court officer or court officers” (emphasis added). CPL 310.10 commands that the jury be held continuously together after the charge.
FACTS
Defendant was indicted for two counts of burglary in the third degree. The trial commenced on November 17, 1981. Before the court charged the jury, the defendant absconded. The court charged the jury on the Tuesday before Thanksgiving, and the jury started to deliberate before 11:00 a.m. on that day. After the jury indicated in several notes that it could not reach a verdict, the court, at the request of the District Attorney, gave an Allen charge *807 (Allen v United States, 164 US 492) in the middle of the afternoon on Wednesday, the day before Thanksgiving. As evening was approaching, the court was asked — not by the jury — whether it would entertain waiving the requirement of CPL 310.10 and excuse the jury until after Thanksgiving. The jury would resume deliberations on Friday, the day after Thanksgiving. It was pointed out to the court that this day was a nonsectarian holiday, an American holiday which was nationally celebrated by all Americans. Furthermore, it was inherently unfair to all people involved. The court called in counsel and posed the question, on the record, as to whether each side (the plaintiff and the defendant) would waive the requirement of CPL 310.10. Both sides consented, provided that the court would strenuously admonish the jury not to discuss the case with anyone. The court agreed to so admonish the jury.
Webster’s New Collegiate Dictionary (Merriam-Webster [1974]) defines the word “must” as “obliged to or compelled to; no deviation of law from a mandatory requirement.” “Mandatory” is defined as “constituting a command.”
Several cases have discussed the issue of CPL 310.10. In People v Clayborn (50 AD2d 952) the court permitted the jury to separate and go home overnight during deliberations. “The trial was held in the Federal courtroom in the post-office building in Elmira, New York. *** [T]he Trial Judge did not wish to take the responsibility for the building after the usual closing hours”, so charged the jury at 6:00 p.m., “recessed the trial and sent the jurors home without supervision” but with instructions to return the next morning. (50 AD2d 952.) The court held that the trial court violated CPL 310.10. There was, however, no waiver of the defendant’s rights even though defense counsel knew that if no verdict was reached by 5:30 p.m., the jury would be sent home for the night.
On the other hand, a waiver of defendant’s rights was found in People v Silvernail (55 AD2d 72). In that case, failure to sequester the jury after deliberations had commenced was not viewed as reversible error. Although CPL 310.10 was violated, defendant’s rights were deemed waived by defendant himself and his counsel. The record *808 reveals that they had “approved of the jurors being permitted to separate and return *** [home] overnight, and that the defendant was not prejudiced in any way by the failure to sequester.” (55 AD2d, at p 75.) The case cites People v Clayborn (supra) as “strongly [implying] that a defendant’s rights under that statute [CPL 310.10] may be waived”. (55 AD2d, at p 75.)
The legislative intent is clear and this court does not necessarily agree with the Third Department. Nevertheless, this court submits that it was not the intention of the Legislature to have all participants in a trial forego the traditional American holiday in fulfilling a duty.
Consequently, this court, in view of the foregoing, will make a singular exception to the statutory provision and permit the jury to be excused until Friday, the day after Thanksgiving, and continue deliberations at that time.