■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON THOMAS, JR., Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant was convicted after a jury trial of rape in the first degree, robbery in the second degree (two counts), assault in the second degree, and unlawful imprisonment in the second degree. The charges arose from an attack by two young men on a woman pedestrian in the City of Syracuse during the early evening hours of March 17, 1980. The victim identified the defendant as one of her attackers at a lineup conducted a week following the incident. At trial, both the defendant and his codefendant offered an alibi defense. When the jury was unable to reach a verdict, the court ordered them sequestered for the evening. Over timely objection of defense counsel, however, the court permitted one juror, whose wife had been taken ill, to go home for the evening to assist her. The court cautioned this juror not to discuss the case with anybody and to return the following morning to resume deliberations. The remaining jurors were sequestered. The following day the jury returned its verdict finding defendant guilty and acquitting his codefendant. Defendant contends that the trial court erred in permitting the jury to separate during deliberations. We agree. Permitting the juror to go home while the remaining jurors were sequestered overnight was contrary to CPL 310.10 which mandates that following the court's charge, the jury "must be continuously kept together under the supervision of a court officer or court officers." (*People v Clayborn,* 50 AD2d 952.) Although the rights secured by CPL 310.10 may be waived (*People v Clayborn, supra*), defense counsel here made proper and timely objection and thus, the trial court's action constitutes

reversible error requiring a new trial (*People v Clayborn, supra*). Since there must be a new trial, we point out that it was also error to permit a police officer to testify over objection about the lineup at which the victim identified the defendant. Although the officer did not specify that the victim made the prior identification, his testimony had no probative value other than to enhance the impact of the victim's identification. As such, it violated the rationale of the rule in *People v Trowbridge* (305 NY 471) against improper bolstering. Furthermore, it was improper for the prosecutor to inquire of a defense alibi witness on cross-examination as to her religious beliefs. We have examined defendant's remaining contention and find it to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — rape, first degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Boomer and Moule, JJ.