■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHETWYND SHANHOLTZER, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Herbert Altman, J., at suppression hearing; George Smith, J., at trial and sentence), rendered December 19, 1983, convicting defendant of murder in the second degree and sentencing him to a term of 25 years to life imprisonment, is held in abeyance and the matter remanded to the Supreme Court, New York County, for a hearing in accordance with the memorandum herein.

About two hours after jury deliberations had begun, it was learned that one of the jurors had suffered a bad nosebleed and had been escorted by two court officers to the hospital. The remaining jurors were sequestered and instructed to cease deliberations. Both defense attorneys requested that no mistrial be declared. After the court was notified that the juror had to be seen by a specialist at another hospital, it suspended deliberations with the consent of both lawyers. The following day the court informed the parties that the juror's physician indicated that the juror needed to remain in the hospital until the next afternoon and that if he remained until the following day without incident, he would be physically able to continue deliberations.

At that time, both defense counsel moved for a mistrial, which the court denied. The other jurors were continued in sequestration with the instruction that they not deliberate, and arrangements were made to redact any references to criminal trials from any reading materials. Two days later, the juror returned from the hospital. He told the court he felt able to deliberate and the jury was instructed to recommence deliberations. Later that same day, it announced its verdict of guilty.

CPL 310.10 provides that following the charge, the jury

must retire to deliberate and that: "It must be provided with suitable accommodations therefor and must be continuously kept together under the supervision of a court officer or court officers. In the event such court officer or court officers are not available, the jury shall be under the supervision of an appropriate public servant or public servants. Except when so authorized by the court or when performing administerial duties with respect to the jurors, such court officers or public servants, as the case may be, may not speak to or communicate with them or permit any other person to do so." The cases construing this section where a juror has become ill after deliberations have commenced permit a Trial Judge to exercise his discretionary powers. *(See, People v Prisco,* 37 AD2d 369, *affd* 30 NY2d 808, *cert denied* 409 US 1039.)

In view of the length of the trial and the volume of evidence before the jury, the two-day and three-night period during which deliberations were suspended does not in itself show prejudice to defendant. However, the record herein does not establish that the hospitalized juror was under supervision by a court officer or "appropriate public servant". Even though defense counsel did not seek an inquiry into the nature and extent of the juror's conversations and outside contacts, since there was a timely protest and mistrial motion, there was no waiver of this claim.

Accordingly, we remand for a hearing before the Supreme Court to determine whether or not the juror was appropriately supervised and the nature and extent of conversations and outside contacts during this period of hospitalization. Concur—Kupferman, J. P., Sandler, Asch, Rosenberger and Wallach, JJ.