OPINION OF THE COURT
Lewis L. Douglass, J.
The defendants are charged with the conspiracy of possession and selling heroin to undercover police officers on three occasions during a four-month period involving total payments of $26,400.
The defendants have moved for an order precluding the prosecutor from introducing $442,000 in small bills which were found hidden throughout the defendants’ apartment at the time it was raided pursuant to a search warrant. In support of the motion the defendants rely on People v Jones (62 AD2d 356) for the proposition that the People may not *1017 introduce in a narcotics prosecution money seized from a defendant at the time of his or her arrest.
Jones (supra), and every case following Jones which holds that money seized at the time of the arrest may not be offered in a narcotics prosecution, have involved street level transactions where the defendant was charged with either possession alone or a single sale, and all of those cases involve small amounts of money.
People v Jones (supra, [1st Dept 1978])
People v Moven (70 AD2d 846 [1st Dept 1979])
People v Sossa (70 AD2d 814 [1st Dept 1979])
People v Brown (71 AD2d 918 [1st Dept 1979])
People v Reyes (72 AD2d 512 [1st Dept 1979])
$831
$382
$750
$511
No amount mentioned but clearly a street level sale.
The logic and fairness of the Jones rule when applied to persons charged with possession or the making of small single sale of drugs on the street is apparent. Jones (supra) prevents the conviction of people where the jury may feel that the particular charges were not proven, but that, since the defendant had cash in his possession he must have sold drugs on some other occasion. Not only does the logic, and the fairness the Jones court was trying to achieve suggest that the Jones rule should be restricted to street level charges of single sales or the possession at the street level but the First Department, which has promulgated the Jones rule, had made it clear in People v Milom (75 AD2d 68, 71-72 [1st Dept 1980]) that Jones is to be restricted to possession or single street level sales, wherein it said: "We are not confronted here with an indictment charging defendant with a single sale, i.e., with criminal sale (not sales) of a controlled substance. The crime charged herein of possession of a controlled substance in the third degree, i.e., possession with intent to sell, clearly distinguishes the instant appeal from People v Jones (62 AD2d 356) which concerned itself with a defendant who was charged with only a single sale.”
Since rules of evidence are designed to admit evidence which is relevant to the resolution of the facts before the jury and not designed to shield from the jury evidence which would enable the jury to render a fair decision, the law has always recognized the logical connection between money and the *1018 commission of certain crimes where pecuniary gain is the primary motive (see, Annotation, 91 ALR2d 1046). Jones (supra) simply excludes cash seized from persons charged with possession or a single small sale since in those situations there is no logical connection between the possession or the sale and the cash.
Federal courts have also consistently recognized the logical connection between money and charges of selling drugs on an ongoing basis. Thus, those courts have consistently followed United States v Tramunti (513 F2d 1087, 1105 [2d Cir 1975]) in approving the introduction of money seized at the time of the arrest in a narcotic’s prosecution said: "The possession of large amounts of unexplained cash in connection with evidence of narcotics trafficking on a large scale is similar to the possession of special means, such as tools or apparatus, which is admissible to show the doing of an act requiring those means.” (Also see, United States v Loften, 518 F Supp 839, 843-844.)
Accordingly, the defendant’s application to prohibit introduction of money seized at the time of arrest is denied.