■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD WHITFIELD, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant has been convicted of one count of criminal sale of a controlled substance in the third degree arising from an alleged single sale.

The issue on appeal is whether the admission of evidence that defendant had a "wad" of money on his person at the time of the alleged drug sale, coupled with comments by the prosecutor about this money, both in his opening statement and on summation, deprived defendant of a fair trial. The question of the amount of money defendant had in his possession at the time of the alleged transaction was sharply disputed by him at trial.

If a defendant is charged with drug possession or with one isolated drug sale, as was this defendant, any evidence that defendant was possessed of a large sum of money, either at the time of his arrest or at the time of the sale, is inadmissible *(People v Morales,* 133 AD2d 90, 91; *People v Brown,* 71 AD2d 918, 920; *People v Lizzarra,* 70 AD2d 572; *People v Jones,* 62 AD2d 356). Such evidence is excluded because its prejudicial effect outweighs its probative value; it places "before the jury proof of possible other crimes, having no apparent relationship to the crime charged, a singe sale" *(People v*

*Jones, supra,* at 357). In *Jones,* the court further explained, and we agree, that "[p]roof of the possession of so large a sum of money may very well have been probative of the illicit sale of drugs as a business. The prejudice is manifest, since defendant was not charged with conducting a narcotics business. He was charged with a single sale of narcotics. Evidence of uncharged crimes solely for the purpose of establishing criminal propensity is legally irrelevant and inadmissible" *(supra,* at 357-358). Because the proof of defendant's guilt was not overwhelming, we cannot say that the erroneous admission of this testimony was harmless error.

We have examined defendant's other arguments and find them to be without merit. (Appeal from judgment of Ontario County Court, Reed, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.