FOURTH DEPARTMENT, OCTOBER, 1989

(October 6, 1989)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE LEE WESLEY, Appellant.—Upon remittitur from the Court of Appeals, judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: In our earlier disposition of this appeal, we reversed the judgment of conviction, granted defendant's suppression motion and dismissed the indictment. We concluded that defendant had standing to challenge the legality of the search warrant since the People predicated the charges against defendant on the theory that he constructively possessed the drugs because he was present on the premises when the

search warrant was executed *(People v Wesley,* 139 AD2d 946). The Court of Appeals reversed, concluding that a defendant who is charged with constructive possession of contraband does not have automatic standing to challenge the search that uncovered the contraband. In order to have such standing, a defendant must demonstrate that he or she has a sufficient personal legitimate expectation of privacy in the searched premises *(People v Wesley,* 73 NY2d 351). The Court of Appeals noted that "[a]s this case has been decided by the Appellate Division and presented to us, only the fact that this is a constructive possession case is asserted as support for defendant's claim of standing to seek suppression of the contraband. That is simply insufficient under law" (73 NY2d 351, 364, *supra).* The Court of Appeals remitted the case for a consideration of the facts and the other issues not reached on appeal.

A review of the record reveals that defendant failed to establish a personal legitimate expectation of privacy in the premises at 249 Ernst Street, Rochester. Defendant's Grand Jury testimony, relied upon by the suppression court at his request, disclosed that he did not reside at the premises but went there each day to visit with his girlfriend and their infant son. Defendant kept none of his clothes at that location but did store some items of personal property there; he did not have a key to the premises. Consequently, defendant lacked standing to challenge the search of the premises.

We conclude, however, that a reversal of the judgment of conviction is nonetheless required because the trial court erred in admitting irrelevant and highly prejudicial physical evidence that denied defendant a fair trial. The admission of cash in the sum of $18,000 contained in three separate lock boxes, a safe, several boxes of plastic bags, three measuring scales and change envelopes "tended to show defendant was engaged in the continuous business of selling narcotics, one or more uncharged crimes" *(People v Jones,* 62 AD2d 356, 358; *see also, People v Sossa,* 70 AD2d 814; *People v Lizzarra,* 70 AD2d 572). Here, the charge was drug possession and not drug sale *(see, People v Brown,* 71 AD2d 918, 920). The error is not harmless. We are unable to conclude that the jury, in reaching its verdict, was not influenced by the admission of evidence which clearly implied that defendant was engaged in the business of selling unlawful drugs.

We have reviewed defendant's remaining contention and find it to be lacking in merit. Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.