(May 24, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CICCARELLI, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 5, 1986, upon a verdict convicting defendant

of the crimes of criminal sale of a controlled substance in the first degree and conspiracy in the second degree.

As a result of an investigation undertaken by the Town of Colonie Police Department in Albany County, defendant was indicted for numerous crimes by a Grand Jury. A jury trial ensued and, after the jury had commenced their deliberations, County Court was advised that a juror was experiencing some health problems. With the consent of the parties, County Court waived the sequestration requirements of CPL 310.10 and the jury was permitted to go home during a recess, separately and unsupervised. Eventually, defendant was found guilty of criminal sale of a controlled substance in the first degree and conspiracy in the second degree and was sentenced to concurrent prison terms of 22½ years to life and 12½ to 25 years, respectively. This appeal followed.

Defendant contends that County Court erred in failing to keep the deliberating jury continuously together under supervision as required by CPL 310.10. We agree. Although this court has held that the provisions of CPL 310.10 could be waived *(People v Silvernail,* 55 AD2d 72, 75; *cf., People v Thomas,* 91 AD2d 857; *People v Clayborn,* 50 AD2d 952), the Court of Appeals has now made it clear that a defendant cannot, consonant with his right to a trial by jury, consent to a procedure at variance with the statute's mandate that the jury be kept secluded during deliberations *(People v Coons,* 75 NY2d 796, 797; *see, People v Ahmed,* 66 NY2d 307, 310-311). Moreover, because the error affects the organization of the court or the mode of proceedings prescribed by law *(see, People v Ahmed, supra,* at 310; *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197; *see also, People v Coons, supra),* it presents a question of law for our review even if acceded to.

Because there must be a new trial, we deem it appropriate to note that we find defendant's remaining contentions on appeal to be without merit, with two exceptions. First, we agree with defendant that his arrest did not justify a search of his entire residence. The police had probable cause to arrest defendant and exigent circumstances justified the warrantless entry into his residence *(see, People v Dominquez,* 141 AD2d 833, 834). Thus, the search and seizure of the tangible property in the bathroom was proper, either as a search incident to arrest or under the plain view doctrine *(see, People v Knapp,* 52 NY2d 689, 694-695, 697). However, once defendant had been apprehended, the urgency had dissipated and the police had time to secure a search warrant *(see, supra,* at 696).

Therefore, any evidence seized outside of the bathroom should have been suppressed.

Finally, we also note that the admission of testimony that at the time of defendant's arrest he was found to have $700 in cash on his person, including no part of the "buy money", was improper. The Fourth Department has held, and we agree, that "[i]f a defendant is charged * * * with one isolated drug sale * * * any evidence that [the] defendant was possessed of a large sum of money, either at the time of his arrest or at the time of the sale, is inadmissible" *(People v Whitfield,* 144 AD2d 915; *see, People v Jones,* 62 AD2d 356, 357; *compare, People v Wells,* 159 AD2d 799; *People v Jones,* 138 AD2d 405, 406, *lv denied* 71 NY2d 1028).

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.