■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO VALDERAMA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 7, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No issues of fact have been raised or considered.

We agree with the defendant's contention that the trial court erred in permitting the prosecution to elicit testimony that a sum of money was found upon him at the time of his arrest *(see, People v Whitfield,* 144 AD2d 915; *People v Morales,* 133 AD2d 90; *People v Jones,* 62 AD2d 356). At the trial, Police Officer Howard testified that, through his binoculars and at a distance of some 255 to 300 feet, he had observed a male approach the defendant and hand him some money. He further stated that he observed the defendant hand the male what appeared to be either a glassine envelope or a small piece of white paper. Howard also testified that the defendant was searched when arrested within a few minutes thereafter but that no drugs were found, only a sum of money. Police

Officer Mugno, Howard's partner, estimated that they were some 300 to 350 feet away from the defendant when they observed him and that, although his binoculars were more powerful than Howard's, he did not see any objects pass between the defendant and the other male.

Here, as in *People v Jones (supra)*, the defendant was not charged with conducting a narcotics business. Rather, he was charged with but a single sale of narcotics. Thus, the prejudice of the admission into evidence that the defendant possessed a sum of money, none of which was prerecorded "buy money", when he was arrested clearly outweighed whatever probative value it may have had *(see, People v Jones, supra,* at 357-358). Moreover, under the circumstances of this case, it cannot be said that there was no significant probability that the error might have contributed to the defendant's conviction and that it was harmless *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Whitfield, supra)*. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.