■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MCDERMOTT, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 3, 1990, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the first degree.

On April 8, 1988, police investigators conducted a search of defendant's motel room, from which they seized a maroon bag containing marihuana residue and odor. Additionally, a green bag containing $4,890 in currency was taken from the trunk of defendant's car and the police found $1,350 on defendant's person. Later that same day a search by police investigators of

the home of Bruce Eells uncovered approximately 3½ pounds of marihuana which Eells had allegedly purchased from defendant for $4,800. A felony complaint charging defendant with criminal sale of marihuana in the first degree was dismissed on April 11, 1988 when Eells refused to testify for the People. Eells, pursuant to a bargained-for plea, eventually agreed to testify against defendant after which the People obtained an indictment on April 29, 1989 recharging defendant with the same offense. Defendant was thereupon arraigned and pleaded not guilty.

Prior to trial County Court (Lewis, J.) denied defendant's motion to suppress the maroon bag and the confiscated money —it was argued that there was no search warrant (CPL 710.60 [3])—and then recused itself due to its involvement in Eells' plea-bargaining arrangement. In response to defendant's second suppression motion, County Court (McGill, J.) indicated that it would permit a hearing limited to the new ground raised by defense counsel, that the signature of the Judge (Feinberg, J.) on the copy of the search warrant submitted by the People was allegedly traced, but would not review the prior denial of the suppression motion, at which point defense counsel stated that he no longer questioned that the copy contained the Judge's signature. At the conclusion of the trial held in August 1990, defendant was convicted as charged and sentenced to an indeterminate prison term of 1 to 3 years. Defendant appeals; we affirm.

Defendant's contention that his prosecution was a bad-faith response to his July 5, 1988 filing, after the initial criminal complaint against him was dismissed, of a notice of intention to file a claim in the Court of Claims to recover the money seized during the search of his motel room and car is without merit. The record is quite clear that the April 28, 1989 indictment was linked to the timing of Eells' cooperation and defendant has not shown any facts supportive of a contrary finding.

County Court also properly denied defendant's motion to suppress the evidence discovered during the search. First, inasmuch as the validity and existence of a search warrant had nothing to do with Eells' plea bargain, we are not convinced that County Court (Lewis, J.) abused its discretion when it decided that motion before recusing itself (see, People v Moreno, 70 NY2d 403, 405-406). Second, we are unpersuaded that the court erred when it summarily denied that motion, pursuant to CPL 710.60, because of defendant's failure to present sufficient sworn factual allegations. Although the

affidavit of defendant's attorney contained a conclusory assertion that the search and seizure was made "without a search warrant and not as an incident to a lawful arrest", it did not indicate the basis of such knowledge—whether information and belief or personal knowledge—nor did it provide any factual details of the allegedly improper police conduct *(see, People v Reynolds,* 71 NY2d 552, 558; *People v Rodriguez,* 162 AD2d 478, *lv denied* 76 NY2d 864).

Despite the fact that defendant was only charged with a single drug sale, County Court cannot fairly be faulted for allowing the investigators to testify that they found $4,890 in defendant's car and $1,350 on his person in small bills. That testimony was not only reasonably related to Eells' testimony that he bought $4,800 worth of marihuana from defendant and paid for it predominantly with $20 bills, but served also to discredit defendant's testimony that he had cashed two checks totaling $6,500 in "a good amount of large bills and some twenties" prior to the search and seizure *(cf., People v Whitfield,* 144 AD2d 915; *People v Jones,* 62 AD2d 356, 357). And, although the only in-court identification of defendant made before the close of the People's evidence came from Eells, an accomplice whose testimony required corroboration *(see,* CPL 60.22 [1]; *People v Tillotson,* 63 NY2d 731, 733), defendant's testimony identifying himself as the person whose motel room was searched and who was present during the search supplied the necessary corroboration *(see, People v Kirkpatrick,* 32 NY2d 17, 21, *appeal dismissed* 414 US 948; *People v Zarrelli,* 144 AD2d 819, 820, *lv denied* 73 NY2d 1024).

To no avail is defendant's claim, disputed by the People, that County Court neglected to provide the requested readback of certain testimony regarding whether marihuana residue was found in defendant's maroon bag because the court reporter not only took two hours to find that testimony, but also left out relevant portions thereof in reading it back. In the absence of any specifics as to what portion of the testimony was omitted and, given the jury's acknowledgment that they were satisfied with the readback, there is no basis to conclude that the court failed to respond meaningfully to the jury's request or that the manner in which it responded seriously prejudiced defendant *(cf., People v Lourido,* 70 NY2d 428, 435). Lastly, County Court quite properly refused to give a full circumstantial evidence charge setting forth the "moral certainty" standard because defendant's culpability was demonstrated by both direct evidence—Eells' eyewitness testimony —as well as circumstantial evidence *(see, People v Barnes,* 50 NY2d 375, 379-380).

Weiss, P. J., Mikoll, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).