■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION BAILEY, Appellant. [598 NYS2d 33] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered February 26, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed

The defendant contends that he was denied a fair trial when the court allowed the prosecution to elicit that he possessed one $100 bill and one $50 bill at the time of his arrest. We disagree. The currency in this case was not being offered as evidence of other drug sales, nor to imply an ongoing drug business (cf., People v Whitfield, 144 AD2d 915; People v Morales, 133 AD2d 90; People v Jones, 62 AD2d 356, 357-358). Rather, the currency here was evidence of the single sale for which the defendant was tried. The undercover officer saw the exchange of money for a bag of cocaine. The buyer was arrested in possession of one-eighth of an ounce of cocaine, and the defendant seller was in possession of $150, an amount which, according to the testimony of the undercover officer, was within the range of what the officer had paid for one-eighth of an ounce of cocaine on numerous prior occasions. Thus, the money was probative of the issue of whether the defendant sold the cocaine to the buyer. Given the denominations of the currency, and the fact that the money was clearly being offered as evidence of the charged sale, and not as evidence of other sales or of an ongoing drug business, there was minimal prejudice to the defendant and it was outweighed by the probative value of the evidence (see, People v Davis, 43 NY2d 17, 27; People v Hills, 140 AD2d 71, 82).

The defendant also contends that he was denied a fair trial when the court allowed the prosecution to elicit testimony, on redirect examination, from a police witness, regarding the defendant's possession of marihuana at the time of his arrest, an act for which he was not prosecuted. We disagree. Despite warnings by the trial court not to ask "open-ended" questions which might open the door to testimony about the marihuana, the last question asked of Officer Dolan by the defense on cross examination was: "Did you see [the defendant] do anything illegal?" We find that the trial court properly held that this question had opened the door to redirect on the issue of the marihuana, which had been discovered on the defendant at the time of his arrest (see, People v Melendez, 55 NY2d 445, 451).

We have examined the defendant's remaining contentions, including those raised by his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.