■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINICIO DEOLEO, Appellant. [717 NYS2d 378] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered June 21, 1999, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly precluded the testimony of the defendant's proposed rebuttal witness which was intended to rebut a charge that the testimony of another defense witness was a recent fabrication (*see, People v McDaniel,* 81 NY2d 10). The proposed rebuttal witness did not know if the allegedly exculpatory statement was made before a motive to testify falsely existed.

Contrary to the defendant's contention, there was sufficient evidence corroborating the testimony of his accomplice (*see,* CPL 60.22 [1]; *People v Breland,* 83 NY2d 286; *People v Bretti,* 68 NY2d 929; *People v Reyes,* 204 AD2d 361). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Since the record does not specify the point at which the trial court terminated a readback of testimony requested by the

jury, the defendant failed to establish that he was prejudiced by the failure to read all of the testimony (*see, People v Lourido,* 70 NY2d 428; *People v Kinchen,* 60 NY2d 772; *People v Rivera,* 247 AD2d 286; *People v Rodriguez,* 228 AD2d 391; *People v McDermott,* 185 AD2d 384).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either without merit or do not warrant reversal. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.