Bruce **YOUNG**, Appellant (Defendant),

v.

The **STATE of Wyoming**, Appellee (Plaintiff).

No. 83–112.

Supreme Court of Wyoming.

April 2, 1984.

Rehearing Denied April 23, 1984.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Gerald P. Luckhaupt, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Roger Fransen, Legal Intern, for appellee.

1. The statutory references herein are to the sections as they existed at the time of the incidents. Corresponding present statutory references are in brackets.

Section 6-4-303 [§ 6-2-303], W.S.1977, provided in pertinent part:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituted sexual assault in the first degree:

\* \* \* \* \* \*

"(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim."

Section 6-5-102 [§ 6-4-402], W.S.1977, provided:

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant appeals from a judgment and sentence resulting from a jury verdict finding him guilty of second degree sexual assault and of incest in violation of § 6-4-303(a)(v) [§ 6-2-303(a)(v)] and § 6-5-102 [§ 6-4-402], W.S.1977.[1] He was sentenced to not less than two nor more than seven years on each offense, with the sentences to run concurrently. Appellant words the issues on appeal:

"1. Whether the trial court erred in granting the State's Motion in Limine regarding [victim's mother's] testimony, which ruling denied Appellant the right to confront the witnesses against him by preventing full and effective cross-examination.

"2. Whether the evidence was insufficient to support Appellant's convictions of second-degree sexual assault and incest.

"3. Whether the sentence imposed on Appellant for the incest conviction is illegal in that it exceeds the maximum punishment set by the legislature."

We affirm the trial court on the first two of these issues, and we reverse and remand the case for resentencing on the third of these issues.

## SUFFICIENCY OF THE EVIDENCE

First addressing the second of the three issues presented by appellant on ap-

"If any stepfather shall have sexual intercourse with his stepdaughter, knowing her to be such, or if any stepmother and her stepson shall have sexual intercourse together, having knowledge of their relationship; or if any parent shall have sexual intercourse with his or her child, knowing him or her to be such; or if any brother and sister, being of the age of sixteen (16) years or upwards, shall have sexual intercourse together, having knowledge of their consanguinity, he or she shall be deemed guilty of incest, and shall be imprisoned in the penitentiary not more than five (5) years, or may be imprisoned in the county jail not more than twelve (12) months."

peal, we note that appellant acknowledges both the standard under which we review the evidence on appeal and the fact that we can address the issue only in the context of plain error inasmuch as he did not make any motion for judgment of acquittal.

Such standard for review of the evidence was voiced in *Harvey v. State*, Wyo., 596 P.2d 1386, 1387 (1979), as follows:

"The oft-repeated rule by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and we give to the evidence of the prosecution every favorable inference which may reasonably and fairly be drawn therefrom. Stated another way—it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. *Evanson v. State*, Wyo., 546 P.2d 412 (1976); *Brown v. State*, Wyo., 581 P.2d 189 (1978); *Nisonger v. State*, Wyo., 581 P.2d 1094 (1978)."

■ Appellant contends that the test for plain error was met in this instance. Such test is set forth in *Marshall v. State*, Wyo., 646 P.2d 795, 797 (1982):

" * * * This court may reverse where '[p]lain errors or defects affecting substantial rights' are found to have occurred. Rule 49, W.R.Cr.P. However, before noticing the error, this court must find that (1) the record clearly shows the alleged error; (2) the error violated a clear and unequivocal rule of law in an obvious way; and (3) material prejudice resulted. *Browder v. State*, Wyo., 639 P.2d 889 (1982)."

The evidence favorable to the prosecution reflects that appellant's wife, the victim's mother, left her two children, victim, age 7, and the victim's brother, age 2, with appellant, victim's adoptive father, between the hours of 6:30 p.m. and 9:30 p.m. on August 31, 1982, while she attended a cosmetic sales party in the home of an acquaintance. On December 19, 1982, the victim revealed to her mother that she had been sexually assaulted by appellant, and she was able to state that one assault occurred while her mother was at the August 31, 1982 party. She testified as to the manner of the assaults, using anatomically correct, gender specific dolls to illustrate. She testified that appellant told her to lie on the bed and remove her panties which she did; that he removed his own pants and got on top of her; that he put his "thing" in her and moved up and down; that he made her turn over and "he put it in my bottom"; and that he told her he was exercising. The victim was cross-examined extensively. Appellant did not testify. He presented alibi witnesses who testified that he was not at home on the evening in question. The jury obviously believed the victim's testimony. It was sufficient to sustain the verdict.

Section 6-4-311 [6-2-311], W.S.1977, provided:

"Corroboration of a victim's testimony is not necessary to obtain a conviction for sexual assault."

Accordingly, it cannot be said that a reasonable juror *must* have a reasonable doubt as to the issue. *Chavez v. State*, Wyo., 601 P.2d 166, 170 (1979). In other words, the record does not clearly show the error alleged by appellant, and one of the test requirements set forth in *Marshall v. State*, supra, has not been met.

## MOTION IN LIMINE

■ The day after the victim told her mother that she had been sexually assaulted by appellant, her mother had her examined by two physicians, one of whom reported the incident to the Department of Public Assistance and Social Services (DPASS). The victim told DPASS workers and police officers of the assault. During the discussion with one of the physicians, and in the victim's presence, victim's mother revealed that between the ages of three

and seven she had herself been subject to sexual assault without penetration by her brother. Evidence of this experience of victim's mother during her childhood was excluded from the trial upon a motion in limine filed by the prosecution.

Appellant argues that this ruling deprived him of his constitutional right to confront and cross-examine witnesses. He contends that he had two reasons for desiring such cross-examination:

> " * * * [F]irst, to demonstrate [victim's mother's] possible motive for bringing sexual assault charges against Appellant, and second, to show that [victim] had overheard her mother's story and had used it as a basis for her own fabrication. * * * "

With reference to the first reason, appellant points to Rule 404(b), W.R.E., as authorizing admission of such evidence to prove motive. The subsection reads:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Appellant acknowledges that evidence of prior incidents to prove motive has been admitted in prior cases only with reference to a defendant, but he contends that it should not be so limited. In any event, he identified the motive for filing of a criminal charge by victim's mother to be that of creating a basis for a divorce.[2] This alleged motive was impugned by appellant's cross-examination of victim's mother at the preliminary hearing wherein the following portion of an affidavit made by victim's mother for the purpose of obtaining a protective order was read:

> "A. 'The foregoing complaints were presented to the family physician, Dr. Granum, who reported the matter to the Child Protection Agency and the officer [sic] of that agency have now assured your ...'
>
> "Q. Affiant.
>
> "A. '... that unless the prayed for order is issued by the agency, we will remove both children from the parties home for their own protection.' "

Additionally, a motive to establish the sexual assault as a basis for divorce would be pertinent only if victim's testimony was a fabrication. In other words, only if the second reason given by appellant for not granting the motion in limine were in fact true would such motive of victim's mother be relevant. The critical testimony relative to the sexual assault for which appellant was charged came from victim. Victim's mother's childhood experience would have relevance only if it resulted in the source of victim's allegations against appellant, making such allegations a fabrication. That this did not happen is evidenced by the fact that the victim detailed the allegations against appellant before victim's mother made known her childhood experiences to the physician in the victim's presence.

The victim was unsuccessfully cross-examined extensively concerning the potential that someone had influenced her testimony. With reference thereto, her testimony remained consistent with that initially related by her. For example, on cross-examination during the preliminary hearing:

> "Q. (By Mr. Feeney) Now, honey, it's kind of an important question, because, you know, and I want you to tell me the answer, because it's really important. "When you—excuse me a second. When you met with Judy for the first time, you remember that? Judy and Mike[3] were together?
>
> "A. Uh-huh.
>
> "Q. And you met with them? And that was after you had seen the two doctors, right?

---

**2.** Victim's mother filed for a divorce shortly after victim related the incidents to her.

**3.** Judi Cashel was a policewoman on the Casper Police Department and Mike Smith was a employee of DPASS.

"A. Yes.

"Q. You saw the doctors first—first you told your mom, then the next day you saw the two doctors, and the next day you saw Judy and Mike, remember?

"A. Yes.

"Q. When you visited with Judy and Mike, did you tell them—were you telling them what your mommy had told the doctor?

"A. No.

"Q. Or what happened between you and your daddy?

"A. What happened between me and my dad.

"Q. Are you sure?

"A. Yes."

Evidence was introduced at the trial by appellant concerning his beating of victim's mother, their public arguments, and generally their unpleasant relationship. Victim's mother had no need for additional grounds for a divorce, such as the sexual assault on the victim. Thus, admission of evidence of her childhood experience with sexual assault could not be relevant as a motive to obtain a basis for divorce as contended by appellant. Motive is the cause or consideration that induces action. *Elliott v. State*, Wyo., 600 P.2d 1044, 1048 (1979). And the admission of such evidence could not be considered a foundation for fabrication of the victim of the sexual assault on her by appellant inasmuch as she did not have knowledge of her mother's experience at the time she related the details of appellant's assault on her.

Although the two reasons presented by appellant for introducing evidence of victim's mother's childhood experience are not sufficient to overrule the motion in limine, consideration could have been given to admission of such evidence for the purpose of impeachment under Rule 608(b), W.R.E.[4]

The "conduct" referred to in such rule which may become proper evidence is *bad* conduct. See 3 Louisell & Mueller, Federal Evidence, § 305. The fact that one is a victim of a sexual assault is not bad conduct of volition on the part of a witness which has probative value in determining the truthfulness of his testimony. Furthermore, the admission of any such evidence is "in the discretion of the court." The exercise of discretion by the court in limiting cross-examination will not be disturbed on appeal unless clearly improper, and the burden to so show is on the appellant. *Buhrle v. State*, Wyo., 627 P.2d 1374 (1981); *Nimmo v. State*, Wyo., 603 P.2d 386 (1979).

Appellant has not shown any clear probative value of evidence of a sexual assault on victim's mother during her childhood on the issue of a sexual assault by appellant on his stepdaughter, who knew nothing of her mother's experience when she related the details of appellant's sexual assault on her.

## INCEST SENTENCE

■ Appellant argues that the sentence of two to seven years for violation of § 6-5-102 [§ 6-4-402], W.S.1977 (incest) is illegal inasmuch as the maximum penalty provided by the statute is five years (see fn. 1). He acknowledges that the matter was not brought to the attention of the trial court and can be considered on appeal only if plain error. Appellant further contends that the test for plain error is met: error is clearly shown on the record, it violated a clear and unequivocal rule of law in an obvious way and material prejudice resulted. *Marshall v. State*, supra.

Appellee agrees with appellant on this issue except with reference to a resulting

**4.** Rule 608(b), W.R.E., provides in pertinent part:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

material prejudice. Appellee argues that inasmuch as the sentence for sexual assault was properly within the limits of the statute and was for two to seven years, and inasmuch as the two sentences run concurrently, the two-year excess over the allowable maximum of five years on the incest charge has no effect on appellant's liberty interest. Appellee requests that we simply issue an order modifying the sentence should we find it improper.

We can, and sometimes do, issue such an order when it is obvious that the sentencing court would do the same thing on remand. However, when there is a potential for modification of the entire sentence by the sentencing court as it corrects that which is improper, we remand the case for sentencing. In this instance, appellant was sentenced to a maximum of fourteen years, seven years for sexual assault in the second degree and seven years for incest. Since the sentences are to run concurrently, he could serve the maximum in seven years. He could properly only be sentenced to a maximum of five years for incest, or a maximum total of twelve years. Again, he could serve the maximum in seven years. However, he could have been sentenced to a maximum of twenty-five years, twenty years for sexual assault in the second degree [5] and five years for incest.

If the sentencing court had realized that the maximum sentence for incest was five years, it could well have sentenced appellant to a term of two to five years on each count to run concurrently. Conversely, of course, the sentencing court could well have increased the sexual assault sentence to result in the same total of fourteen years on both counts, had it realized that the maximum sentence for incest was five years.

Inasmuch as there was a potential for modification of the entire sentence to the advantage of appellant, we find present the elements of plain error and remand the case for correction of the sentence.

Reversed and remanded for such purpose.

5. Section 6–4–306(a)(ii) [§ 6–2–306(a)(ii)], W.S. 1977, sets the penalty for sexual assault in the second degree at "imprisonment for not less than one (1) nor more than twenty (20) years."