Hubert Charles DeSERSA,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–131.

Supreme Court of Wyoming.

Dec. 10, 1986.

William S. Edwards, Gillette, and Ramon A. Roubideaux, Rapid City, S.D., for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Judith A. Patton, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

A conviction of attempted burglary raises appeal claims of insufficiency of the evidence and impermissible prosecutorial comment, violating the constitutional right against self-incrimination. We affirm.

Stated issues to be considered are:

1. Sufficiency of the evidence for conviction as a matter of law.

2. Comment of prosecutor in final argument violated defendant's constitutional rights and required a mistrial then and a reversal now.

### FACTS

As generally explained in the background statement in appellant's brief:

"On July 30, 1985, [the City of] Casper was observing a yearly celebration called Parade Day and DeSersa [appellant herein] and others joined in the festivities which involved socializing and consumption of intoxicating beverages. That afternoon and through the events in question, he was dressed in a black pullover knit shirt, light blue striped jeans and blue and white tennis shoes. Eventually he came to the Downtowner Motel around midnight, having had five to six beers that afternoon and evening. He had ten or twelve beers the entire day. He then left and went to a friend's house for further socializing and drinking and finally left to go check on his car at the Downtowner."

At 154 North Beech Street in downtown Casper stands a multi-story apartment facility with the Quick Cash Pawn Shop on the ground floor. William Brennaman, a resident in a second-story apartment, testified at trial that at about 3:45 on the morning of July 31 he heard glass breaking at a window into the pawn shop, directly below his apartment:

"I [saw] a man, Indian nationality kicking the window in."

Brennaman tried to go back to sleep, but the noise continued and he dialed 911 to alert the police. Twenty or twenty-five minutes later, during which period the activity at the downstairs window remained constant, he saw the police officers arrive.

Officer Bachert was dispatched at about 4:20 a.m. from the police department. He testified that upon arriving at the pawn shop he saw the appellant using a knife to "hack away" at the plywood covering the window on the inside of the broken glass. According to his testimony, when appellant saw the police car he "placed the knife * * on the ground and began to walk west across the parking lot away from the scene." When he was apprehended, the appellant stated, "You can't charge me; I'm drunk and don't know what I did."

The knife was recovered and marked for trial introduction. Both Brennaman and Officer Bachert positively identified appel-

lant at trial, as did Officer Lord who arrived within minutes and saw Bachert and DeSersa at the scene. Other testimony indicated that the appellant had been a customer of the pawn shop on prior occasions.

Appellant claims that

"[h]e was walking and cut across a parking lot behind the Quick Cash Pawn Shop on his way to the Downtowner when he observed the police car ahead and when he turned to go the other way he was boxed along the parking area side of the building by another police car."

Among others, appellant called as witnesses Delbert Richards and Pete Blakely, who had been drinking with DeSersa on July 30, 1985. Richards and Blakely were called to testify about the clothes worn by DeSersa on that occasion, in order to challenge the identification testimony of Brennaman, Bachert and Lord.

The State called rebuttal witness Lonnie Tebeest who testified about the condition of the plywood, and further about an oral statement made by appellant after he was given his *Miranda* warnings:

"I was asking him about the reason for his arrest earlier that morning. Mr. Desersa at that time advised me he had been drinking and that he blacked out, that he didn't recall anything about what had happened and he specifically did not recall what time it had happened."

### Sufficiency of The Evidence

■ In his sufficiency-of-the-evidence attack on his conviction, appellant asserts: "This is a classic case where the police arrived and arrested the suspect before the crime was committed. They then attempted to make out a case of attempted burglary and possession of a burglary tool.

\* \* \* \* \* \*

"The prosecutor attempted to create the crime of attempted burglary by use of fabricated evidence, either carelessly handled or manipulated, unsatisfactory identification and insinuation and innuen-

do as to the necessary showing that defendant had made a substantial step toward the commission of the crime of burglary. The evidence shows no such substantial step in the form of an entry or even the possibility of an entry."

In addition to the direct attack on the witness' identification and the officer's credibility, appellant's insufficiency claim includes (1) failure to disprove the defense of impossibility; (2) inadequate proof of a substantial step toward the commission of the crime; (3) failure to deny or negate abandonment of possible criminal effort; and (4) failure to prove specific intent. We examine each of appellant's claims in light of the evidence before the jury. Intoxication as a defense was not presented as a trial theory. Cf. *Crozier v. State*, Wyo., 723 P.2d 42 (1986).

Appellant is thoughtful and ingenious in his presentation. However, except for the last contention of failure to prove specific intent, each of the other claimed insufficiencies of the evidence is, in the factual stature of this case, properly within the province of the jury to determine by accepting or rejecting the trial evidence. *Cheatham v. State*, Wyo., 719 P.2d 612 (1986); *Russell v. State*, Wyo., 583 P.2d 690, 700 (1978), "[I]t is for the jury, not this court on appeal, to sort out any conflicts"; *Fresquez v. State*, Wyo., 492 P.2d 197 (1971).

Judging from the photograph in evidence, it would have taken considerable time to get past the broken glass windows and into the building by cutting a sufficient hole in the plywood. It was not impossible, although certainly time consuming. The broken glass and mutilated plywood was sufficient evidence that a substantial step toward the commission of the crime had been taken. Abandonment was clearly contradicted by the testimony of the arresting officer and Mr. Brennaman based on their actual observations. Appellant was positively identified, and his trial counsel failed to impeach the veracity of the police officer or the eyesight of the apartment dweller.

In summary, there was believable evidence before the jury from which it was entitled to find that the crime was possible; the appellant took a substantial step toward its commission; the appellant did not abandon his criminal activity; and it was indeed appellant who committed the crime. Sufficiency of the evidence on these issues exists. *United States v. Sutton*, 801 F.2d 1346 (D.C.Cir.1986); *Dangel v. State*, Wyo., 724 P.2d 1145 (1986); *Cowell v. State*, Wyo., 719 P.2d 211 (1986); *Lewis v. State*, Wyo., 709 P.2d 1278 (1985). The Supreme Court of Minnesota recently restated general principles for appellate review in a rational and refined explication:

"In reviewing the sufficiency of evidence in a criminal case, this court makes a painstaking review of the record to determine if the evidence is sufficient to permit the jury to reach the conclusion that it did. [Citation.] The court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the offense charged. [Citation.] The court considers the evidence in the light most favorable to the verdict and will assume that the jury disbelieved any testimony in conflict with the result it reached. [Citation.]" *State v. Richardson*, Minn., 393 N.W.2d 657, 661–662 (1986).

The only important remaining sufficiency issue is proof of intent to steal as an element of the criminal offense. See discussion of specific intent as recently restated by this court in *State v. Crozier, supra*, quoting from *Dorador v. State*, Wyo., 573 P.2d 839 (1978). Both appellant and appellee rely on the intent standard for the offense of burglary expressed in *Mirich v. State*, Wyo., 593 P.2d 590, 591 (1979):

"* * * We approach this assertion of error in light of our long-established rule that, when a defendant charges a lack of sufficient evidence to sustain the jury verdict, it is the duty of the supreme court to decide whether there is sufficient evidence on which the jury could

base its verdict and, in the discharge of that duty, this court must view the evidence in the light most favorable to the State. * * * In determining the sufficiency of the evidence on appeal, the test is not whether the evidence establishes guilt beyond a reasonable doubt for members of the supreme court, but rather whether the evidence of record is sufficient to form a basis for reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in a light most favorable to the State."

Elements urged by the State as evidentially sufficient for this conviction are:

1.  time of day;
2.  persistent effort to break out the plywood (20 to 25 minutes);
3.  knowledge of contents of the pawn shop;
4.  physical conduct when the police arrived;
5.  position of the knife and proof of damage to the plywood covering;  and
6.  res-gestae statement at the scene and subsequent statement at the police station.

Applying the rationale and reasoning of Mirich, this court concludes that there was evidence from which the jury was entitled to find that the specific intent to steal was properly inferable from the evidence.

"The charge against defendant was breaking and entering with intent to steal (burglary).  It is indisputable that the intent to steal is just as essential for the prosecution to prove with competent evidence as is the breaking and entering. * * * It would not be possible or fruitful for us to exhaustively list all the circumstances from which a jury might properly have inferred the intent to steal.  Suffice it to say they are numerous, various, and the quantum of proof required necessarily depends upon the totality of the circumstances presented." *Mirich v. State*, supra, 593 P.2d at 593.

All the facts and circumstances of the case are proper to be taken into account by the jury. *Broom v. State*, Wyo., 695 P.2d 640 (1985); *Young v. State*, Wyo., 678 P.2d 880 (1984); *Delmont v. State*, 15 Wyo. 271, 88 P. 623, reh. denied, 15 Wyo. 271, 88 P. 1102 (1907).

*The Impermissible Comment During Closing Argument*

■ The following occurred in closing argument:

"MR. BLONIGEN: * * * The pants, they say dark blue.  Is this dark blue or light blue?  It is kind of a medium.  Remember, it is about half light outside there.  It is not like it is in here today.  Not only that, these clothes have been in the possession of the Defendant since July 31st.  That is a matter of common sense.  We all know what happens to denim when we wash it;  each time we wash it, it fades a little bit more.  And where is that black shirt, that black shirt you heard about from his friends and from him and the one they want to quibble about whether it is blue or black?  Well, it wasn't here.

\*        \*        \*        \*        \*        \*

"MR. ROUBIDEAUX: Let the record show, Your Honor, that we are objecting to Counsel's remark about the black shirt having to do with anything in this case.  He is leaving the jury with the idea that the Defendant has been unable to produce that shirt.

\*        \*        \*        \*        \*        \*

"THE COURT: I'm going to overrule the Motion for Mistrial and I will instruct the jury that anything said to the contrary by Counsel here, the Defendant has no obligation to produce any evidence or any testimony.

\*        \*        \*        \*        \*        \*

"MR. ROUBIDEAUX: Well, Your Honor, we don't think this is relief.  It makes this all the more prejudicial because the whole tenor of this final argument has

been passing the burden of the Defendant to prove this and prove that.

\*   \*   \*   \*   \*   \*

"THE COURT: \* \* \*

"Ladies and gentlemen of the jury, objection was made to remarks made in his argument, that being that there was a reference to the fact that the Defendant did not produce a shirt. Ladies and gentlemen, you are instructed that the Defendant need not do anything to prove his innocence. The burden never shifts. It is the State's burden to prove to you beyond a reasonable doubt that the Defendant is, in fact, guilty, but that is not the obligation of the Defendant to prove himself innocent.

"With that, proceed."

During the trial, defendant closely and extensively cross-examined the State's witnesses on identification detail, including specifically the color of clothes worn by DeSersa that night. Thereafter, DeSersa testified in his own behalf and introduced into evidence the shoes and pants he had worn.

Appellant challenges the prosecutor's comment as violative of his right against self-incrimination under Art. 1, § 11 of the Wyoming Constitution and the Fifth Amendment of the United States Constitution, and further raises the issue of improper allocation of the burden of proof under Art. 1, §§ 9 and 10 of the Wyoming Constitution and due process within the Fifth Amendment of the United States Constitution.

The identification of his clothing was an issue raised by DeSersa in defense, both by cross-examining the State's witnesses, see *Crozier v. State, supra,* and in presenting affirmative evidence. We see no self-incrimination problem with the prosecutor's comment where, as in this case, the defendant testified about the color of his shirt, and defendant's counsel attempted to impeach the state's witnesses by cross-examination on that subject. The defendant's credibility may be tested and his testimony impeached like that of any other witness. "When he testifies in his own behalf he has no right to set forth to the jury facts favorable to him without laying himself open to cross-examination upon those facts." *MacLaird v. State,* Wyo., 718 P.2d 41, 47 (1986).

■ The final-argument statement is not a comment against self-incrimination as the issue arose in *Westmark v. State,* Wyo., 693 P.2d 220 (1984), and thereafter in *Crozier v. State, supra; Cheatham v. State, supra; Schmunk v. State,* Wyo., 714 P.2d 724 (1986); and *Brewster v. State,* Wyo., 712 P.2d 338 (1985). See also as the foundation of Wyoming law on prosecutorial comment on failure to testify, *Anderson v. State,* 27 Wyo. 345, 196 P. 1047 (1921).

This case does not present us with the additionally complex issue of the application of the privilege against self-incrimination, where a defendant elects to testify and then seeks to confine cross-examination or comment under the Constitutional privilege. It is noteworthy in this case that the objection taken at trial was not the self-incrimination question, but rather an argument reaching the due-process question of whether the prosecution's beyond-a-reasonable-doubt burden of proof was retained.

The prosecutor's comments may have improperly attempted to place the burden of proving defendant's innocence on the defendant by suggesting that he was required to produce the exculpatory "blue" shirt, contrary to the due-process constraints of Art. 1, §§ 10 and 11 of the Wyoming Constitution and the Fifth Amendment of the United States Constitution. Upon objection, the trial court recognized the due-process/burden-of-proof problems, and gave a cautionary instruction which appropriately set forth the State's burden of proof beyond a reasonable doubt. We hold that the comment, if improper, was corrected by the cautionary instruction when recognized as potentially problemsome by the trial court. The instruction and refusal to grant a mistrial

constitute a proper exercise of the trial court's discretion. *United States v. Mostella,* 802 F.2d 358 (9th Cir.1986); *Noetzelmann v. State,* Wyo., 721 P.2d 579 (1986); *Martin v. State,* Wyo., 720 P.2d 894 (1986).

The Seventh Circuit recently considered a similar issue in *United States v. Wheeler,* 800 F.2d 100 (7th Cir.1986). The closing-argument comment involved a potential witness from the gun manufacturer who was subpoenaed by neither party. The prosecutor had responded to defense counsel's closing statement that the prosecution had failed to call a witness to testify about the gun by stating that the defense could have produced the witness if desired. In responding to the claimed appeal error, the government argued invited response and harmless error.

The Court of Appeals noted that the comments impermissibly shifted the burden of proof in that the government is required to prove each and every element of its case beyond a reasonable doubt. Encompassed within this burden is the requirement that the government, not the defendant, produce the witnesses who support the case. Noting that the statement had been made only once, and that after an objection by the defendant the trial court immediately instructed the jury to disregard the statement and struck it from the record, the Court of Appeals held that the prompt intervention and admonition on the part of the judge rendered the error harmless.

The weight of the evidence in that case involving the origin of the purchased gun, was certainly more significant than the color of a shirt (blue, black, or light in the dark of the night) in the context of the trial evidence in this case.

Finding neither impermissive comment on the exercise of the right against self-incrimination, nor prejudicial error diminishing the State's burden of proof beyond a reasonable doubt, with a sufficiency-of-the-evidence decision properly before the jury which was adversely determined, this court now affirms the conviction.