■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS E. BAILEY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered October 3, 1988, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On March 17, 1988 at 7:45 P.M., defendant's auto was stopped for a routine traffic violation by State Trooper Edward Benziger. During the course of the stop, Benziger observed and seized a plastic bag from under defendant's left leg containing what ultimately proved to be cocaine. A subsequent search of the vehicle produced two similar bags containing cocaine and $3,500 in cash, all found in the glove compartment. Mari-

huana residue was found in a film canister and in a pipe discovered under the seat. A similar pipe was found on the ground next to defendant while he was outside the vehicle. Defendant was arrested and charged in an indictment with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and two counts of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). In a conference in chambers during the testimony of Benziger, the People stipulated that they would not mention the money on the People's direct case, but reserved the right to do so on redirect or rebuttal should defendant open the door to such proof. Defendant was convicted of criminal possession of a controlled substance in the third degree and on this appeal contends that prejudicial error occurred due to the admission of proof concerning the presence of the currency.

During direct examination of Benziger, the People avoided inquiry concerning the various items found in the vehicle or near defendant, other than the plastic bags containing cocaine. In his cross-examination of Benziger, defendant inquired about the two pipes and the canister found during the search of the vehicle. On redirect, over defendant's objection, County Court permitted Benziger to testify about the $3,500 because defendant had opened the door by cross-examining Benziger about the various items found in the vehicle search which had not been discussed on his direct testimony. The People contend that they were permitted upon redirect to make further inquiry to explain, clarify and fully elicit any relevant issue which was only partially touched upon during cross-examination *(see, People v Merlino*, 145 AD2d 654). The cash and two additional bags of cocaine in the glove compartment were relevant, particularly since defendant admitted cocaine was found in the car, but denied knowledge or possession. Defendant argues that any opening of a door must be narrowly construed and does not entitle the People to a blunderbuss rejoinder *(see, People v Bagarozy*, 132 AD2d 225, 237), particularly where, as here, such evidence was inadmissible on the direct case.*

---

* Where, as here, a defendant is charged with the crime of possession of a controlled substance which does not include as an element thereof the intent to sell the controlled substance, evidence that he possessed a large sum of money at the time of his arrest is generally inadmissible *(see, People v Whitfield,* 144 AD2d 915; *cf., People v Wells,* 159 AD2d 799; *People v Wells,* 144 AD2d 400, *lv denied* 73 NY2d 861). Such proof is excluded because the potential prejudicial effect outweighs the probative value and generally has no relationship to the crime charged *(supra).*

The extent of redirect examination is for the most part governed by the discretion of the trial court. When the opposing party elicits testimony on cross-examination not touched upon in the direct examination, a party has the right to more fully examine on that topic *(People v Melendez,* 55 NY2d 445, 451). The extent and degree to which the door has been opened is approached on a case-by-case basis *(supra,* at 452). In arguing against inquiry concerning the cash, defendant urged that the location was relevant to his claimed lack of awareness that drugs and related items were in the vehicle. The People were entitled to explain and clarify the issue and attack the relevance of the subject matter brought out by defendant's cross-examination *(see, supra,* at 452). The existence of an otherwise unattended $3,500 in cash located on top of the cocaine bags in the glove compartment does just that. The redirect testimony was relevant to the question of knowledge and possession of the fruits of the search and related directly to the topic of cross-examination, i.e., the list of items discovered in the search and their relationship to knowledge and possession *(see, People v Torre,* 42 NY2d 1036, 1037).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.