■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO COTTO, Appellant.—Judgment, Supreme Court, New York County (Stanley Sklar, J.), rendered September 12, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and sentencing him, as a predicate felon, to an indeterminate prison term of from 3½ to 7 years, unanimously affirmed.

At approximately 2:00 A.M. on January 18, 1989, Police Officers Dwyer and Sommer responded to 60 East 104th Street as a result of a 911 radio call. Upon their approach, the officers observed defendant turn around and throw a pouch to the ground. The pouch contained $60 and 23 vials of crack.

At trial, Officer Dwyer testified that in response to the 911 call, the officers spotted defendant, who "fit a description—." The court sustained counsel's objection, but refused counsel's application for a mistrial, instructing the jury that the 911 call was the sole reason the officer was at the location. Although Officer Dwyer's statement was clearly inadmissible hearsay, the court acted well within its discretion in deciding that a mistrial was not warranted and that the error could be cured by the issuance of instructions to the jury.

Over counsel's objection, Officer Sommer was permitted to testify that in addition to the $60 recovered from the pouch defendant threw to the ground, defendant possessed another pouch containing $150. It was error to admit this testimony since defendant was merely charged with possession of drugs (People v Morales, 133 AD2d 90, 91; see also, People v Jones, 62 AD2d 356). Nevertheless, since the evidence of guilt was overwhelming, the admission of testimony concerning the money constituted harmless error.

We have reviewed defendant's remaining contentions and find them to be either unpreserved or without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.