**Michael Anthony SOLIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–233.

Supreme Court of Wyoming.

May 21, 1999.

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Stephen I. Singer, Faculty Director, Defender Aid Program; and Christopher M. Wages, Student Attorney. Representing Appellant. Argument by Ms. Domonkos.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General. Representing Appellee. Argument by Mr. Pauling.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Michael Anthony Solis was convicted of felony possession of a controlled substance, methamphetamine. Solis appeals, claiming the trial court improperly admitted into evidence cash in his possession at the time of arrest, and additionally violated W.R.E. 608(b) by permitting the prosecutor to question Solis about a specific instance of conduct, which Solis asserts was collateral and not directly probative of his truthfulness or untruthfulness. We find the Rule 608(b) claim without merit, but hold the trial court erred in admitting the cash into evidence. We deem this error harmless, however, in light of the overwhelming evidence of guilt.

We affirm.

### ISSUES

Solis advances the following issues for review:

I. Did the district court err by admitting evidence of $2,289.00 found on Mr. Solis' person when he was only charged with possession of a controlled substance?

* Chief Justice at time of oral argument; retired November 2, 1998.

II. Did the district court err by permitting the State to cross-examine Mr. Solis about an alleged specific instance of conduct that was collateral and not directly probative of truthfulness or untruthfulness as required by Wyoming Rule of Evidence 608(b)?

Appellee State rephrases the issues:

I. Did the district court properly admit evidence of money found on appellant?

II. Did the district court properly permit inquiry, during the cross-examination of appellant, into a specific instance of conduct bearing upon his untruthfulness?

## FACTS

On October 30, 1996, Solis appeared in municipal court. At the conclusion of that proceeding, pursuant to a warrant on an unrelated charge of delivery of heroin, Solis was arrested, handcuffed, and taken to the detention center. During the booking procedure, Solis was searched, and a brown bag containing 15.13 grams of a powdery substance, wrapped in 19 individual bags, was found. Also found in Solis' pocket was $2,289 cash, a credit card, and receipts.

Testing by the crime lab identified the substance as methamphetamine. Solis was thereafter charged with unlawfully possessing a controlled substance in excess of three grams as proscribed by Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) & (c)(iii) (Michie 1997) and 35-7-1016(d)(ii) (Michie Rpl. July 1994). Prior to trial, Solis filed a motion in limine to exclude the cash from evidence. The trial court heard argument on the matter and denied the motion. Solis was convicted by a jury and sentenced to not less than two nor more than three years. This appeal timely follows.

## STANDARD OF REVIEW

Evidentiary rulings are within the sound discretion of the trial court and include determinations of the adequacy of foundation and relevancy, competency, materiality, and remoteness of the evidence. *Punches v. State*, 944 P.2d 1131, 1136–37 (Wyo.1997). This court will generally accede to the trial court's determination of the admissibility of evidence unless that court clearly abused its discretion. *Brown v. State*, 944 P.2d 1168, 1170 (Wyo.1997); *Wilson v. State*, 874 P.2d 215, 218 (Wyo.1994). In determining whether the trial court abused its discretion, the query is whether the court could reasonably conclude as it did, and whether its ruling was arbitrary or capricious. *Vaughn v. State*, 962 P.2d 149, 151–52 (Wyo.1998). The burden of establishing such abuse lies with the defendant. *Barnes v. State*, 858 P.2d 522, 527 (Wyo.1993).

If the trial court erred by admitting evidence, we then must ascertain whether the error affects any substantial rights of the accused, providing grounds for reversal, or whether it is harmless. The harmless error standard is set out in W.R.A.P. 9.04:

Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court.

*See also* W.R.Cr.P. 52. An error is harmful if there is a reasonable possibility that the verdict might have been more favorable to the defendant if the error had never occurred. *Kolb v. State*, 930 P.2d 1238, 1247 (Wyo.1996); *Kerns v. State*, 920 P.2d 632, 641 (Wyo.1996). To demonstrate harmful error, the defendant must show prejudice under "circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Johnson v. State*, 790 P.2d 231, 232 (Wyo.1990); *see also Roderick v. State*, 858 P.2d 538, 550 (Wyo.1993).

## DISCUSSION

### Admission of Money

Solis contends that the trial court erred by receiving into evidence $2,289 cash he was carrying when arrested. Solis asserts that since he was not charged with delivery or possession with the intent to deliver, the cash evidence is irrelevant to the charge of possession and does not aid in proving any element of that crime. We agree. Although no Wyoming authority addresses this issue, other jurisdictions are instructive. Decisions from several courts support Solis' contention that when a defendant

is charged with possession of a controlled substance, evidence that the defendant possessed cash when arrested is generally inadmissible. *Ferguson v. State,* 697 So.2d 979 (Fla.App.1997); *Jackson v. State,* 570 So.2d 1388 (Fla.App.1990); *People v. Bailey,* 159 A.D.2d 862, 553 N.Y.S.2d 512 (N.Y.App.Div. 1990); *People v. Whitfield,* 144 A.D.2d 915, 534 N.Y.S.2d 25 (N.Y.App.Div.1988).

█ Because the trial court improperly admitted the cash into evidence, we must determine whether the error was prejudicial. Solis claims that the error was unfairly prejudicial because the amount of cash was relatively large and, from its admission, the jury might infer that he was a drug dealer, a crime for which he was not charged and which is unrelated to the possession charge. We have often stated, however, that the mere admission of detrimental evidence alone does not qualify as unfairly prejudicial. *Pena v. State,* 792 P.2d 1352, 1355 (Wyo. 1990) (quoting *Pena v. State,* 780 P.2d 316, 323 (Wyo.1989)). Solis' claim ignores the weight of the other evidence admitted, especially the methamphetamine he was carrying, which is highly suggestive of guilt. Furthermore, Solis explained to the jury, through his own testimony, that the reason he was carrying that amount of money was for a down payment on a truck.

A case with similar circumstances arose in New York, *People v. Hurd,* 200 A.D.2d 521, 606 N.Y.S.2d 670 (N.Y.App.Div.1994). There the defendant was charged with possession of a controlled substance. During his trial, the court admitted into evidence cash the defendant was carrying when arrested. On appeal, the court held admission of the cash was improper. However, because of the overwhelming evidence presented, the defendant's interests were not prejudiced and the error was harmless. *Id. See also People v. Cotto,* 169 A.D.2d 517, 564 N.Y.S.2d 172, 173 (N.Y.App.Div.1991).

Viewing the evidence in this case, we hold there is no reasonable possibility that the verdict would have been different absent the admission of the cash; the evidence presented establishing Solis' guilt counteracts any conceivable prejudice resulting from the court's error; and the improper evidence did not invite conjecture on the part of the jury. Accordingly, the error is harmless.

### *W.R.E. 608(b)*

█ Wyoming Rule of Evidence 608(b) provides, in pertinent part:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The purpose of this evidentiary rule is to prevent improper impeachment of witnesses by prohibiting the use of extrinsic evidence to prove particular conduct to establish the witness' veracity. *Gist v. State,* 766 P.2d 1149, 1151 (Wyo.1988). Therefore, on cross-examination the examiner may attempt to uncover the witness' character for untruthfulness by questioning the witness about specific instances of conduct probative of honesty, but then must accept the answer given without attempting to prove the behavior's existence by resorting to extrinsic evidence. Furthermore, the court has discretion of whether to permit such questioning and, absent a clear abuse of discretion, its ruling will not be reversed on appeal. *Young v. State,* 678 P.2d 880, 884 (Wyo.1984). The appellant carries the burden to establish that the court acted improperly. *Id.*

Solis claims the prosecutor's questions about whether he had money in his pocket followed by, "[a]nd you asked for a free lawyer from [the judge in the municipal proceeding]" were improper. In his response to the questions, Solis stated that the judge did not ask him if he had any money and he also denied he told the municipal judge that he was "broke." The prosecutor did not present any additional evidence in an attempt to con-

tradict Solis, but left the matter with Solis' answer.

■ A question regarding whether Solis misled the judge about his ability to afford an attorney is probative of Solis' character for truthfulness. *Marquez v. State*, 941 P.2d 22, 26 (Wyo.1997). The line of questioning bears on Solis' truthfulness, and the prosecutor did not use extrinsic evidence. The subject matter of the question, therefore, was proper, and W.R.E. 608(b) was not violated.

## CONCLUSION

The trial court erred by admitting into evidence cash found on Solis when he was searched incident to his arrest. However, due to the overwhelming evidence presented, Solis was not unfairly prejudiced, thus the error was harmless. On cross-examination the prosecutor properly questioned Solis about a specific incident directly reflective of his veracity, without using extrinsic evidence to contradict Solis; W.R.E. 608(b), therefore, was not violated.

Affirmed.